**United States District Court**
For the Northern District of California

1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7   LINDA GLOVER,                              No. C-09-03922 (JCS)
8              Plaintiff(s),                   **ORDER GRANTING IN PART AND
                                               DENYING IN PART MOTIONS TO
9                                              DISMISS [Docket Nos. 6, 12]**
      v.
10
11  FREMONT INVESTMENT AND LOAN,
12             Defendant(s).
                                           /
13

14  **I.      INTRODUCTION**

15          Plaintiff Linda Glover (hereafter "Plaintiff") filed this action, *in pro per[1]*, alleging numerous

16  federal and state law claims arising out of the apparent foreclosure of a loan, secured by Plaintiff's

17  residence in Oakland, California.  Both Defendant Deutsche Bank (hereafter "Deutsche") and

18  Fremont Investment and Loan, Inc. (hereafter "Fremont") filed separate Motions to Dismiss all

19  claims.  Plaintiff filed no opposition.

20          A hearing was held on December 11, 2009 at 10:30 a.m., at which Defendant Deutsche and

21  Plaintiff Glover appeared in person; Defendant Fremont appeared telephonically.  For the reasons

22  explained below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motions to

23  Dismiss.  Plaintiff will be given one opportunity to amend certain of her claims, as discussed in

24  greater detail below.  Plaintiff's First Amended Complaint shall be filed within thirty (30) days of

25  this Order.

26  _____

27          [1]At oral argument on Defendants' motion, Plaintiff informed the Court that she has a lawyer.
    However, there is no attorney on record in this matter.  The Court advised Plaintiff at the hearing (and
28  does so again here) that Plaintiff should inform her lawyer that he or she is required to file an
    appearance of counsel with the Court.  If no lawyer appears on Plaintiff's behalf, she may contact the
    Legal Help Center, located on the 15th floor of the Federal Building, 450 Golden Gate Avenue San
    Francisco, CA in Room 2796 where Plaintiff may sign up for a free appointment with an attorney who
    may be able to provide basic legal help, but not legal representation.  The telephone number for
    scheduling an appointment with the Legal Help Center is (415)782-9000, ext. 8657.

## II.   BACKGROUND[2]

Plaintiff filed the present action in order to prevent the foreclosure of her residence located at 537 Chester Street, Oakland, California.  Although there are few factual allegations in the Complaint, Plaintiff generally alleges discrimination on the part of the current holder of her loan, Defendant Deutsche Bank and discrimination on the part of the original mortgagor, Defendant Fremont.  Plaintiff has brought her claims against Fremont Investment and Loan, Inc., Deutsche Bank and unnamed DOE Defendants.

On June 13, 2006, Plaintiff alleges that she entered into a consumer credit transaction with Fremont Investment and Loan, Inc., in the amount of $460,631.53 secured by Plaintiff's principal residence.[3]  Complaint at ¶17.  Plaintiff alleges that the "terms of the finance transaction with [Fremont] are not clear or conspicuous, nor consistent, and include reference to a variable rate note with a 'teaser rate' and a balloon payment, and other rates and fees for which [Fremont] either did not disclose, make clear or had not included as part of the finance charge." *Id.* at ¶ 18.  Plaintiff alleges that in September 2006, Deutsche began servicing the loan between Plaintiff and Fremont. *Id.* at ¶ 19.  Plaintiff also alleges that "because the loan was transferred less than 30 days subsequent to the closing of the loan, DEFENDANTS violated RESPA by failing to give proper notice." *Id.* at ¶ 19.  This allegation is unclear, given that Plaintiff does not allege the closing date for the mortgage loan.  Plaintiff alleges that Defendants did not adequately explain the loan documents to her, nor was the "inherent volatility" of the loan explained in adequate detail. *Id.* at ¶20.

## III. ANALYSIS

### A.   Legal Standard on Motion to Dismiss

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P 12(b)(6).  A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct.

---

[2]The Court accepts all well-pled factual allegations of the complaint as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Circ. 1996)

[3]Defendant Fremont has provided documents evidencing a different loan amount: $448,000. *See* Declaration of Peggy Candsdale, Exhs. 3-4.

**United States District Court**
For the Northern District of California

1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7ᵗʰ Cir.

1984) (internal quotations omitted; emphasis in original).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65.  For purposes of resolving the motion, courts accept all allegations of material fact as

true and construe the complaint in the light most favorable to the nonmoving party.  *Nat'l Wildlife*

*Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir.1995).

## B.    Request for Judicial Notice

As an initial matter, Defendant Fremont requests that this Court take judicial notice of two

documents: 1) the Fannie Mae Loan Limits; and 2) the Notice of Default filed with the Alameda

County Recorder's office.  *See* Fremont's Request for Judicial Notice, Exhibits 1 and 2.  Defendant

Deutsche requests that the Court take judicial notice of:  1) the October 12, 2006 Deed of Trust,

recorded in the Official records of the Alameda County Recorders Office; and 2) the November 3,

2008, Notice of Default and accompanying Declaration of Compliance filed with the Alameda

County Recorders Office.

Under Federal Rule of Evidence 201(b), "[a] court may take judicial notice of 'matters of

public record' without converting a motion to dismiss into a motion for summary judgment," as long

as the facts are not subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th

Cir.2001); *see also* Fed.R.Evid. 201(b).  The Fannie Mae Loan Limits qualify as records of a public

agency.  The Notice of Default and Deed of Trust, as reproduced from the Recorder's office, are not

subject to reasonable dispute, and the Court grants Defendants' requests to take judicial notice of

these documents.

## C.    Sufficiency of the Allegations

Defendant Deutsche Bank and Fremont Investment and Loan move to dismiss all seventeen

claims on the grounds that the entire complaint is a recitation of legal conclusions and elements of

particular statutes, without sufficient factual allegations in support.  The Court agrees.  As a whole,

the allegations in the Complaint are not sufficiently specific to withstand a motion to dismiss.

Plaintiff, for the most part, recites the elements of each statute and alleges generally that Defendants violated all of them without providing any specific facts that are unique to her case.  Simply tracking statutory language or raising general allegations of discrimination is insufficient to properly raise a claim for relief.  *Twombly*, 550 U.S. at 555.  The Court will allow Plaintiff one opportunity to amend her Complaint to correct this deficiency, which is present throughout the Complaint.  In addition, certain of the claims must be dismissed without leave to amend because amendment of those claims would be futile.  The Court will therefore address each claim separately, and indicate whether it is dismissed with or without leave to amend.[4]

**D.    Failure to State a Claim**

Defendants move to dismiss all claims against them for failure to state a claim.

**1.    The Truth in Lending Act (TILA) (all Defendants)**

Defendant Deutsche argues that the TILA claim fails to state a claim because it is not a creditor of Plaintiff and because the claim is time-barred.  Defendant Fremont argues similarly that the non-rescission damages claim is time-barred and that the rescission claim fails for failure to state a claim.  The Court will address each argument in turn.

As a threshold matter, under TILA there are two remedies: damages and rescission.   15 U.S.C. § 1635, 1640.  With respect to the damages claim, the Court finds that this claim is time-barred against all Defendants.  The statute of limitations for a damages claim under TILA is one year.  15 U.S.C. § 1640(e).  Plaintiff alleges that she entered into the loan agreement on June 13, 2006; the Complaint was filed on August 25, 2009, well over one year after the date of the contract.[5] Plaintiff makes no allegations that could support an argument for equitable tolling of the statute of limitations.

As an alternative ground on which to dismiss this claim, Deutsche argues that it is not a "creditor" within the meaning of TILA.  15 U.S.C. 1602(f).  The Court agrees.  Because the loan was transferred and did not originate with Deutsche, it is not a "creditor" within the meaning of the

---

[4]To the extent Plaintiff has claims listed in her caption that are not pled in the Complaint, those claims are dismissed.

[5]Defendant Fremont explains in its Motion that the actual closing date of the mortgage was October 3, 2006.  In either case, the one year statute of limitations has passed.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   statute.  The deed of trust shows that Plaintiff's obligation was initially payable to Fremont, not

2   Deutsche.  *See Riviere v. Banner Chevrolet, Inc.*., 184 F.3d 457, 461 (5th Cir. 1999) (citing 12

3   C.F.R. pt. 226, supp. I, subpt. A, cmt. 2(a)(17)(i)(2)) ("If an obligation is initially payable to one

4   person, that person is the creditor even if the obligation by its terms is simultaneously assigned to

5   another person.").  Because amendment of this claim against Deutsche would be futile, this claim is

6   DISMISSED WITHOUT LEAVE TO AMEND against Deutsche.

7          Defendant Fremont argues that the rescission claim is time-barred and also fails to state a

8   claim.  The claim for rescission has a three year statute of limitations.  15 U.S.C. 1635(f).  Plaintiff

9   alleges that the contract was entered into on June 13, 2006.  Looking at the face of the Complaint,

10  the claim is time-barred and this Court would be deprived of subject matter jurisdiction.  However,

11  Fremont has submitted documents that demonstrate that the loan was consummated on October 3,

12  2006.  *See* Cansdale Declaration, Exhs. 3 and 4.   The Court takes judicial notice of these publicly-

13  filed documents, the Note and Deed of Trust.  *See Lee v. City of Los Angeles*, *supra*, at 689.

14  Therefore, construing Plaintiff's pro per complaint liberally, (and Plaintiff's allegation of a June 3,

15  2006 closing date notwithstanding), the Court concludes that the lawsuit, filed on August 25, 2009,

16  is within the three year statute of limitations period and is not time-barred.  Defendants' motion to

17  dismiss the rescission claim on statute of limitations grounds is DENIED.

18         Alternatively, Fremont argues that the rescission claim fails to state a claim because the

19  publicly-available documents demonstrate that the requisite disclosures were given consistent with

20  TILAs' requirements.  Cansdale Decl., Exhs. 3, 4 (Note and Deed of Trust).  Plaintiff attaches

21  unsigned copies of these TILA disclosures to her Complaint as Exhibits A and B.  Plaintiff's

22  rescission claim also fails, Fremont argues, because she does not allege that she is willing to repay

23  what she borrowed less finance charges.  *See* Cal. Civ. Code §1691 (rescission is conditioned on the

24  borrower's repayment of loan proceeds); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172-73 & n. 5

25  (9th Cir. 2003) (same).

26         Both of these arguments have merit.  Although it appears unlikely that Plaintiff will be able

27  to amend her Complaint to allege a rescission claim against Defendant Fremont based upon the

28  disclosures attached to Plaintiff's Complaint and the failure to allege repayment, the Court will

    allow Plaintiff one opportunity to amend this Claim.  However, Plaintiff is cautioned that she may

1    only amend this claim if she can make specific good faith allegations that she has offered to restore

2    what she borrowed.  If Plaintiff has facts that support her claim that Fremont failed to adhere to the

3    requirements of TILA, she must present them in an Amended Complaint.  The rescission Claim is

4    DISMISSED WITH LEAVE TO AMEND as to Defendant Fremont.

5                    **2.        Real Estate Settlement Procedures Act (RESPA) (all Defendants)**

6            Deutsche and Fremont both argue that Plaintiff fails to state a claim because the Complaint

7    lists twelve boilerplate legal bases on which to base a RESPA claim, without providing factual

8    allegations in support.  Moreover, several of the alleged RESPA subsections on which Plaintiff bases

9    her claim do not provide for private actions.

10           Defendant Deutsche argues that some of the claims in Plaintiff's second claim for relief

11   under RESPA should be dismissed because the claim is time-barred by the one-year statute of

12   limitations.  *See* 12 U.S.C. § 2614 (one year statute of limitations for claims under RESPA § 2607).

13   This argument is has merit.  In addition, Defendant Deutsche argues that certain of the RESPA

14   claims (those under § 2608(b) and 2605(f)) are barred by the statute's three-year statute of

15   limitations.  For the same reasons stated previously with respect to the TILA claim, the Court

16   disagrees.  It is unclear from the submissions of the parties on which date the three year statute of

17   limitations began to run.  From the face of Plaintiff's Complaint, Deutsche's argument is correct.

18   However, the Court has received documents from Defendant Fremont, which indicate that the loan

19   closed on October 2006 closing date, which would make Plaintiff's August 2009 filing timely.

20   Accordingly, the RESPA claims covered by a one year statute of limitations are DISMISSED.

21           The Court will next address the specific alleged violations of RESPA.  Plaintiff alleges that

22   ""[b]ecause the mortgage loan was transferred less than thirty days subsequent to the closing of the

23   loan, DEFENDANTS violated RESPA by failing to give proper notice."  Compl., ¶19.  This

24   allegation is contradicted by Plaintiff's allegation that the loan was not transferred to Deutsche bank

25   for servicing until September 2006 – three months after the June, 2006 date of the transaction

26   contained in the complaint.  *Id.*  According to Deutsche, this contradiction amounts to a concession

27   on the part of Plaintiff that no RESPA violation occurred.  The Court disagrees.

28           However, Plaintiff has not alleged any specific facts to support her claims and the motion to

     dismiss this claim is GRANTED WITH LEAVE TO AMEND.  Because Plaintiff is proceeding *in*

**United States District Court**
For the Northern District of California

*pro per*, and because there is some confusion regarding the relevant dates, the Court will provide

Plaintiff with one opportunity to amend this claim. In the amended claim, Plaintiff is cautioned to

provide facts that support her theory. It is not sufficient to merely state the legal requirements of

RESPA, alleging that Defendants violated all of them, without providing any facts in support. In

addition, Plaintiff is cautioned that RESPA creates a private right of action for only three types of

wrongful acts: 1) payment of a kickback for real estate settlement services, 12 U.S.C. §2607(d); 2)

requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. §2608(b); and 3) failure by a

loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified

written request for information about a loan, 12 U.S.C. §2605(f). The Court will allow Plaintiff one

opportunity to amend the RESPA claim of the Complaint.[6]

### 3.    California Financial Code (all Defendants)

Defendants argues that Plaintiff's claims under the California Financial Code Section 4970

fail to state a claim because Plaintiff's loan was not a covered loan as defined in the statute and also

because she fails to allege facts in support of her claim. The Court agrees.

In order to state a claim under § 4970, the loan must be "covered" by the statute. Cal. Fin.

Code § 4970(b). If "the original balance of the loan does not exceed the most current conforming

loan limit for a single-family first mortgage loan established by the Federal National Mortgage

Association ("Fannie Mae"] . . ." then the loan is "covered." Cal. Fin. Code § 4970(b). According

to Deutsche, the conforming loan limit set by Fannie Mae as of June 13, 2006 (the alleged closing

date in the Complaint), was $417,000. Plaintiff's original loan amount was $460,631.53. Compl., ¶

17.[7] Therefore, according to Deutsche, the loan was not "covered" within the meaning of the statute.

*See Alvara v. Aurora Loan Services*, 2009 WL 1689640 at *4 (N.D. Cal. 2009) (noting that the 2006

loan limit on a single-family first mortgage loan was $417,000). Although Deutsche's argument is

---

[6]It is unlikely that Plaintiff will be able to allege sufficient facts to withstand a second motion to dismiss and/or motion for summary judgment based upon Fremont's RESPA disclosures or failure to give notice that Fremont had the right to sell the Loan after it closed. The documents provided by Fremont indicate that such disclosures were provided to Plaintiff. *See* Cansdale Decl., ¶ 2-3 and 5, Exhs. 1, 2,5. The Court does not rely on these documents for purposes of this decision. The Court brings them to the Plaintiff's attention so that she may consider the documents in deciding whether to proceed with a RESPA claim.

[7]As stated previously, according to Fremont, the loan amount was actually $448,000. In either case, it exceeds $417,000.

United States District Court
For the Northern District of California

based upon matters outside the complaint (*see* Freddie Mae Loan Limits Chart

(www.freddimac.com/news/archives/singlefamily/2005/20051129_loanlimits.html)) it is based upon

matters of which a court may take judicial notice. The Court takes judicial notice of the Federal

National Mortgage Association conforming loan limits. *See e.g., Sutherland v. Diversified Capital,*

*Inc.*, No. 08-3474, 2008 U.S. Dist. LEXIS 61016, at *4-6, 2008 WL 2951353 (N.D.Cal., July 24,

2008) (citing to FNMA loan limits and holding that Section 4970 does not apply to non-conforming

jumbo loan).

The Court concludes that Plaintiff's allegations fail to state a claim. As with Plaintiff's other

claims, it contains a bare recitation of legal conclusions. Further, the Court concludes that

amendment of this claim would be futile, given that the conforming loan limit in June 2006 was

$417,000. This claim is therefore DISMISSED WITHOUT LEAVE TO AMEND.

### 4.    Fraud (against Defendant Fremont)

Plaintiff's fourth claim for relief, fraud, fails to meet pleading requirements. Here, Plaintiff

asserts the same general allegations, and provides almost no facts to support her fraud claim. There

is a heightened pleading standard for fraud claims. *See* Rule 9(b). In order to state a claim for fraud,

Plaintiff must provide additional specifics to support her claim. The "pleader must state the time,

place and specific content of the false representations as well as the identities of the parties to the

misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

1986). Courts have explained this rule as requiring that claims of fraud include the "'who, what,

when where and how' of the alleged misconduct." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

1997). Mere conclusory allegations of fraud are insufficient. *Moore v. Kayport Package Express,*

*Inc*., 885 F.2d 531, 540 (9th Cir. 1989).

Here, the fraud claim gives no notice to the defendants of what, specifically, they are alleged

to have done. Plaintiff's fraud claim provides none of the requisite detail and therefore fails to meet

the requirements of Rule 9(b). Accordingly, Defendants' motions to dismiss the fraud claim are

GRANTED. Plaintiff's fraud claim is DISMISSED WITH LEAVE TO AMEND as to both

Defendants.

//

**United States District Court**
For the Northern District of California

1     **5.      Breach of Contract (all Defendants)**

2         Deutsche argues that this claim fails to state a claim for relief.  Plaintiff fails to allege that

3     she entered into a contract with Deutsche Bank.  She does not allege the material terms of any

4     agreement, the breach of such terms by either Defendant, or her performance or any resulting

5     damages.  Plaintiff alleges that "BANK" "breached" an unknown contract by: 1) failing to refinance;

6     2) failing to provide the required notices under RESPA and TILA; and 3) discriminating against

7     plaintiff on the basis of her race, religion age and national origin. Complaint at ¶ 49.  None of these

8     allegations can form the basis of a breach of contract claim, especially where, as here, there has been

9     no allegation of the existence of any contract.  This claim against Deutsche is DISMISSED

10    WITHOUT LEAVE TO AMEND.

11        Fremont argues that Plaintiff fails to state a claim for breach of contract due to the fact that

12    the terms of the loan contract were set forth in the Loan Agreement and Loan Documents.

13    Fremont's Motion at 10.  Further, Fremont argues that, contrary to Plaintiff's allegations, she

14    received the required disclosures (as demonstrated by the attachments to Plaintiff's Complaint).[8]

15        In order to state a claim for breach of contract, a plaintiff must allege: 1) the existence of a

16    contract, 2) performance by the plaintiff or excuse for non-performance, 3) breach by the defendant

17    and 4) damages.  *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001).  The

18    Court concludes that the breach of contract claim fails to allege facts sufficient for Defendants to be

19    able to adequately respond.  The Court gives Plaintiff one opportunity to amend this claim. The

20    claim as to Defendant Fremont is DISMISSED WITH LEAVE TO AMEND.

21    **6.      Breach of Covenant of Good Faith and Fair Dealing (all Defendants)**

22        This claim similarly fails to state a claim against both Defendants.  Plaintiff alleges that

23    Defendants have violated the covenant of good faith and fair dealing by initiating foreclosure

24    proceedings against her "without production of documents demonstrating the lawful rights for said

25    foreclosure."  Complaint ¶¶ 52-55.  The implied covenant of good faith and fair dealing is

26

27        [8]Defendant Fremont argues, in addition, that there can be no breach as a matter of law where,
28    as here, Plaintiff failed to read the loan contract. Fremont's Motion at 10.  Because Plaintiff has not
      alleged the nature of the contract or what portions of it were allegedly breached by Defendants, the
      Court declines to address Fremont's argument at this time.  Fremont may raise this argument in the
      future.

United States District Court
For the Northern District of California

1  supplement to an existing contract and does not impose duties upon the parties prior to the formation

2  of a contract.  To the extent that Plaintiff alleges that any pre-contractual misrepresentations were

3  made, the doctrine of the covenant of good faith and fair dealing is inapplicable.  *McClain v.*

4  *Octagom Plaza*, LLC, 159 Cal.App.4th 784, 799 (Ct. App. 2008) (the implied covenant is a

5  supplement to an existing contract, and thus it does not require parties to negotiate in good faith

6  prior to any agreement).  Plaintiff has not alleged that she entered into a contract with Deutsche.

7  There can be no breach of the implied covenant of good faith and fair dealing unless the parties had

8  a contract.  This claim is therefore DISMISSED WITHOUT LEAVE TO AMEND as to Defendant

9  Deutsche.

10  Defendant Fremont argues that this claim must be dismissed for failure to state a claim.  The

11  Court will give Plaintiff one opportunity to amend this claim as to Defendant Fremont.  The Court

12  cautions Plaintiff, however, that in order to state a claim for breach of the implied covenant of good

13  faith and fair dealing, Plaintiff must allege facts that "go beyond the statement of a mere contract

14  breach."  *Careau & Co v. Security Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).  In

15  addition, the conduct allegedly committed by Defendant Fremont must have been prompted by a

16  "conscious and deliberate act, which unfairly frustrate[d]" the purposes of the parties' contract.  *Id.*

17  Finally, if Plaintiff's allegations pertain to the formation of the contract, rather than its performance

18  or enforcement, they will not be sufficient.  *See e.g., Hafiz, supra* at *6.

19  Accordingly, for the reasons stated above, including failure to allege facts to support the

20  legal claim, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is

21  DISMISSED WITH LEAVE TO AMEND as to Defendant Fremont.

22  **7.  Violation of California Civil Code § 2923.6 (all Defendants)**

23  Plaintiff alleges that both Defendants violated California Civil Code § 2923.6, by failing to

24  offer a loan modification.  Complaint at ¶ 58.  However, §2923.6 does not provide parties with a

25  private right of action.[9]  In addition, even if a private right of action were created by the statute, the

26  _____

27  [9]Section 2923.6 provides:
(a) The Legislature finds and declares that any duty servicers may have to maximize net present value
28  under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular
parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan
modification or workout plan for which both of the following apply:
(1) The loan is in payment default, or payment default is reasonably foreseeable.

1   section does not impose a duty on borrowers to modify the terms of a loan that is in default.  *See*

2   *e.g., Farner v. Countrywide Home Loans*, 2009 WL 189025, at *2 (S.D. Cal. 2009).  This claim

3   must therefore be dismissed.  Accordingly, because amendment would be futile, Plaintiff's claim for

4   violation of § 2923.6 is DISMISSED WITHOUT LEAVE TO AMEND as to both Defendants,

5   Deutsche and Fremont.

6               **8.      Violation of California Civil Code § 2923.5 (all Defendants)**

7               Deutsche argues that Plaintiff's claim for a violation of California Civil Code §2923.5 must

8   fail because Deutsche complied with the statute.  Specifically, Deutsche argues that it issued a notice

9   of Default that satisfies the requirements of the statute.  In support of its argument, Deutsche

10   requests that the Court take judicial notice the Notice of Default accompanying Declaration of

11   Compliance with Section 2923.5.   As stated above, the Court takes judicial notice of these

12   documents.  *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) ("In deciding whether to dismiss a

13   claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond plaintiff's complaint to matters of

14   public record.")  According to Deutsche, the declaration establishes that it complied with section

15   2923.5 by contacting (or attempting to contact) the Plaintiff in order to discuss possible loan

16   modifications or alternatives to foreclosure.  Deutsche's Motion at 15.  This argument is more

17   appropriate on a motion for summary judgment.  In any event, the claim fails to allege sufficient

18   facts to support the legal conclusions.  As currently pled, the claim provides a bare recitation of the

19   statutory requirements.  It therefore fails to state a claim.

20               The Court concludes that Plaintiff should be given one opportunity to amend this claim.  The

21   Court cautions Plaintiff to include factual allegations to support her bare legal conclusions, keeping

22   in mind the existence of these publicly available documents.  This claim is DISMISSED WITH

23   LEAVE TO AMEND as to both Defendants.

24

25   _____

26           (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated
    recovery through foreclosure on a net present value basis.

27   (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the
    borrower a loan modification or workout plan if such a modification or plan is consistent with its
    contractual or other authority.

28   (c) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless
    a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

**United States District Court**
For the Northern District of California

1         **9.**      **The Fair Debt Collection Practices Act and California Rosenthal Fair**
2                **Debt Collection Practices Act Claims (against Deutsche only)**

3         Deutsche argues that Plaintiff's ninth and tenth claims for relief, alleging violations of the

4 federal and California debt collection statutes, the Fair Debt Collection Practices Act, 15 U.S.C.

5 §1692 and the California corollary, the Rosenthal Fair Debt Collection Practices Act, California

6 Civil Code §1788, fail to state a claim due to the lack of factual allegations. Deutsche argues that

7 claims nine and ten of Plaintiff's Complaint merely present the statutory requirements as

8 "violations." *See* Complaint ¶ 71, 76. The Court agrees. Plaintiff alleges that "BANK 2 violated

9 the Act in one or more of the following ways" and then lists the requirements of the statute. A mere

10 list of legal requirements fails to meet basic pleading requirements. *See Twombly*, 550 U.S. at 570.

11         These claims fail for an additional reason: Deutsche is not a "debt collector" within the

12 meaning of the debt collection statutes. Rather, Plaintiff alleges that Deutsche was the loan servicer.

13 Compl. ¶19. Therefore, amendment of these claims against Deutsche would be futile. *See e.g.,*

14 *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128 *1 (N.D. Cal. 2009) ("creditors, mortgagors and

15 mortgage servicing companies are not 'debt collectors' and are exempt from liability under the

16 [FDCPA]. . . Defendant Ocwen is a "loan servicer." Therefore it is not a "debt collector" and no

17 claim can be stated against it under the FDCPA.") These claims are DISMISSED WITHOUT

18 LEAVE TO AMEND as to Defendant Deutsche.

19         **10.**      **Unruh Civil Rights Act (all Defendants)**

20         Plaintiff's Civil Rights Act claim alleges that Deutsche "discriminated against, boycotted, or

21 blacklisted, refused to lend to, contract with, or refinance, or offered significantly less worth credit

22 to the Plaintiff based on her race, color, religion, ancestry, age and national original." Complaint at

23 ¶ 80. Plaintiff does not allege any facts that could support this legal conclusion. Plaintiff does not

24 allege that she is a member of any protected class (for example, African-American), nor does she

25 provide any facts in support of her claim that Deutsche discriminated against her. This claim must

26

27

28

be dismissed.  *See Twombly*, 550 U.S. at 570.  Claim eleven is hereby DISMISSED WITH LEAVE

TO AMEND.[10]

### 11.    Civil Rights Act of 1991, 42 U.S.C. § 1981 (all Defendants)

Plaintiff's civil rights claim under 42 U.S.C. § 1981 fails to state a claim against both

Defendants and must therefore be dismissed.  In order to state a claim for a violation of § 1981,

Plaintiff must allege that 1) she is a member of a protected class; 2) the defendant had the intent to

discriminate on the basis of race; 3) the discrimination interfered with a protected activity as defined

in § 1981.  Here, Plaintiff does not allege that she is the member of a protected class (other than a

vague reference at ¶ 106 of the Complaint to her "minority background").  Plaintiff must do more

than simply allege a "minority background."  She must allege that she is a member of a protected

class and set forth facts (not merely a recitation of the elements of the statute) that support the

allegation that she was discriminated against on account of her membership in that class.  This claim

is therefore DISMISSED WITH LEAVE TO AMEND as to both Defendants.

### 12.    Civil Rights Act of 1871, 42 U.S. C. § 1983 (all Defendants)

Plaintiff's civil rights claim under 42 U.S.C. § 1983 fails to state a claim against Defendants

due to the fact that both Defendants are private entities, not state actors.  To state a claim pursuant to

section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution and laws of the United States was violated; and (2) that the alleged violation was

committed by a person acting under the color of the law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's Complaint fails to state facts that could establish these elements.  Plaintiff

has identified no constitutional right that was violated by Defendants.  Further, she has not alleged

that any violation was committed by a person acting under color of the law.  Plaintiff can make no

such allegation in this case.  Courts have routinely held that banks, even those regulated by federal

---

[10]The Court does not address Deutsche's statute of limitations argument at this stage of the proceedings.  It is not clear from the Complaint which provision of the Unruh Civil Rights Act Plaintiff is asserting against Defendants.  In her amended Complaint, Plaintiff shall specify which provision she believes has been violated.  Defendants may raise the statute of limitations argument again in the future.  The Court disagrees with Deutsche that it is clear from the facts of this case that "greater than three years have passed [and so] Plaintiff's claims are time-barred regardless."  In fact, the timeline of this case is unclear.  As discussed previously, Plaintiff alleges that the mortgage contract was entered into in June 2006.  Defendant Fremont  has brought to the Court's attention, however, that the loan did not close until October 2006.  Given that Plaintiff is proceeding *in pro per*, the Court will allow one opportunity to amend the Complaint.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

or state law, do not operate "under color of state law. "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *See also Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (foreclosure and bank sale was a purely private remedy involving no state action). Because amendment would be futile, this claim is DISMISSED WITHOUT LEAVE TO AMEND as to both Defendants.[11]

### 13. Civil Rights Act of 1974, 42 U.S.C. § 2000d (all Defendants)

Plaintiff's claim under 42 U.S.C. § 2000d fails to state a claim. In order to state a claim for a violation of 42 U.S.C. § 2000d, a plaintiff must allege that she was excluded from participation in, or denied the benefits of, or subject to discrimination under any program or activity receiving federal financial assistance on account of her membership in a protected class.

Here, Plaintiff fails to allege membership in a protected class other than to make the allegation that she is from "a minority background." Compl. at ¶106. She also fails to identify from what program she was excluded and by whom. Rather, she alleges that the Defendant (without identifying which Defendant) "preyed upon this minority, and with reckless disregard to how Plaintiff could make payments without default, provided Plaintiff with a higher cost loan than she should have never [sic] qualified for, therefore getting her into a deep financial mess which she may not have ever been in had the Defendants done ample due diligence and concluded that she should not qualify for such financing on such loan amount." Compl. ¶107. This allegation fails to state a claim under § 2000d. The claim is therefore DISMISSED WITH LEAVE TO AMEND as to both Defendants.[12]

---

[11]Although not argued by Defendants, it appears that this claim is time-barred as well. The statute of limitations for a §1983 claim in California is two years. Plaintiff argues at various points in her Complaint that the statute of limitations should be equitably tolled, yet provides no facts to support this claim. It is unclear how Plaintiff could support an equitable tolling argument, given that Plaintiff has copies of her loan documents and disclosures from three years ago (some of which she attached to the Complaint).

[12]The Court notes that it is unlikely that this claim will proceed against Defendant Deutsche. The facts as currently pled relate to the creation of the loan, in which Deutsche played no part. *See* Compl. ¶¶ 104-107. Because the Court is allowing one opportunity to amend, the Court will not dismiss this claim with prejudice against Deutsche at this time. Plaintiff is cautioned to plead facts, if any exist, that support a claim against both Defendants, or if no such facts are present against Deutsche, omit

14

United States District Court
For the Northern District of California

**14.     Equal Credit Opportunity Act, 15 U.S.C. §1691 (all Defendants)**

Plaintiff's fifteenth claim, for violations of the Equal Opportunity Credit Act (ECOA) also fails to state a claim because it is barred by the two year statute of limitations.  An ECOA claim must be filed within two years of "the date of the occurrence of the violation."  15 U.S.C. § 1691e(f). Whether the loan closed on June 16, 2006 (as alleged by Plaintiff) or later, in October 2006, as pointed out be Defendant Fremont, the suit was filed more than two years later, on August 25, 2009. The ECOA claim is time-barred and is DISMISSED WITHOUT LEAVE TO AMEND against both Defendants.[13]

The Court notes that even if this claim were not time-barred, it fails to state a claim for relief. Plaintiff alleges that Defendants offered Plaintiff "an exorbitant loan amount to Plaintiff with a limited and/or inconsistent income, from a minority background, with no prior home buying experience."  Compl. at ¶117.  These allegations fail to state an ECOA claim.  Although the Ninth Circuit has not articulated the standard for ECOA claims, other circuits apply a multi-factor test in order to determine whether an ECOA claim has been properly pled.  To satisfy this test, plaintiff must allege that: (1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified.  *Hafiz v. Greenpoint Mortgage Funding,* WL 2137393 * 4 (N.D.Cal., July 16, 2009) (Alsup, J.) citing, *Chiang v. Veneman*, 385 F.3d 256, 259 (3rd Cir.2004).  Plaintiff's allegations fail to satisfy the first and fourth elements of this test.  Moreover, it is unlikely that amendment could cure the deficiency with respect to the fourth element.  *See e.g., Hafiz*, supra at *4 ("The ECOA was implemented to ensure that applicants have an equal opportunity to obtain credit. [Plaintiff] allegedly was offered more credit than she requested.  Even if [Plaintiff] could produce a theory for how an offer of excess credit is discriminatory, it would be difficult for her to show how such discrimination could run afoul of the ECOA, which is designed to ensure access to credit.")   This claim is therefore DISMISSED WITHOUT LEAVE TO AMEND.

---

Deutsche from this claim.

[13]Again, as with the previous claim, there appear to be no grounds for equitable tolling of the statute of limitations in this case.

United States District Court

For the Northern District of California

1

**15.      California Business and Professions Code § 17200, § 17500 (all
Defendants)**

2

3          Plaintiff's sixteenth claim for relief alleges violations of California Business and Professions

4   Code §§17200 and 17500, unfair or unlawful business practices.  In order to state a claim, a plaintiff

5   alleging unlawful business practices must allege the underlying law that was violated by the

6   defendant.

7          With respect to Defendant Deutsche, the Court concludes that this claim fails to state a claim

8   because Plaintiff's allegations Plaintiff relate to the origination of the loan.  Compl. at ¶¶123-130.

9   As stated above, Deutsche was not involved with the loan at the outset.  Rather, Plaintiff alleges that

10  Deutsche is the servicer of the loan.  Compl. at ¶19.  This claim is therefore DISMISSED

11  WITHOUT LEAVE TO AMEND as to Defendant Deutsche.

12         Regarding Defendant Fremont, the Court finds that the claim fails to allege sufficient facts to

13  state a claim for unfair business practices under California law.  The Court will provide Plaintiff one

14  opportunity to amend this claim.  Plaintiff is cautioned, however, that the amended claim must

15  identify which laws Defendant Fremont is alleged to have violated.  To the extent this claim is based

16  upon violations of federal law discussed above, the claim is preempted and will not be permitted to

17  proceed.  *See e.g., Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1007 n.3 (9th Cir. 2008)

18  (plaintiff cannot use the UCL in order to state a time-barred TILA claim); *Reyes v. Downey Savings

19  & Loan Ass'n.*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008) ("Plaintiff's use of the UCL as

20  predicated on TILA is preempted.").  This claim is therefore DISMISSED WITH LEAVE TO

21  AMEND as to Defendant Fremont.

22         **16.      Declaratory Relief**

23         The facts alleged in the seventeenth claim for relief reiterate those asserted above with

24  respect to the underlying claims.  Because the alleged facts underlying the declaratory relief claim

25  do not give rise to viable claims, there is no actual controversy between the parties warranting

26  declaratory judgment.  This claim is accordingly, DISMISSED WITH LEAVE TO AMEND.

27  **IV.    CONCLUSION**

28         For the foregoing reasons, the Defendants' Motions to Dismiss are GRANTED IN PART
AND DENIED IN PART as follows:

**United States District Court**
For the Northern District of California

1        1)  Plaintiff's TILA claim is DISMISSED WITHOUT LEAVE TO AMEND as to Defendant

2  Deutsche; DISMISSED WITH LEAVE TO AMEND as to Defendant Fremont;

3        2)  Plaintiff's RESPA claim is DISMISSED WITH LEAVE TO AMEND as to all

4  Defendants;

5        3)  Plaintiff's California Financial Code claim is DISMISSED WITHOUT LEAVE TO

6  AMEND as to all Defendants;

7        4)  Plaintiff's Fraud claim is DISMISSED WITH LEAVE TO AMEND as to all Defendants;

8        5)  Plaintiff's Breach of Contract claim is DISMISSED WITHOUT LEAVE TO AMEND as

9  to Defendant Deutsche; and DISMISSED WITH LEAVE TO AMEND as to Defendant Fremont;

10        6)  Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing is DISMISSED

11  WITHOUT LEAVE TO AMEND as to Defendant Deutsche; and DISMISSED WITH LEAVE TO

12  AMEND as to Defendant Fremont;

13        7)  Plaintiff's claim for Violation of Cal. Civil Code § 2923.6 is DISMISSED WITHOUT

14  LEAVE TO AMEND as to all Defendants;

15        8)  Plaintiff's Fair Debt Collection Practices claims (against Deutsche only) are DISMISSED

16  WITHOUT LEAVE TO AMEND;

17        9)  Plaintiff's Unruh Civil Rights claim is DISMISSED WITH LEAVE TO AMEND as to all

18  Defendants;

19        10)  Plaintiff's Section 1981 claim is DISMISSED WITH LEAVE TO AMEND as to all

20  Defendants;

21        11) Plaintiff's Section 1983 claim is DISMISSED WITHOUT LEAVE TO AMEND as to all

22  Defendants;

23        12) Plaintiff's Section 2000d claim is DISMISSED WITH LEAVE TO AMEND as to all

24  Defendants;

25        13) Plaintiff's ECOA claim is DISMISSED WITHOUT LEAVE TO AMEND as to all

26  Defendants;

27        14) Plaintiff's claims based upon Cal. Bus. & Prof. Code §§17200, 17500 are DISMISSED

28  WITHOUT LEAVE TO AMEND as to Defendant Deutsche; and DISMISSED WITH LEAVE TO

AMEND as to Defendant Fremont;

15)    Plaintiff's claim for Declaratory Relief is DISMISSED WITH LEAVE TO AMEND as to all Defendants.

If Plaintiff does not file an amended Complaint within thirty (30) days of this Order, the case will be dismissed and the Clerk is instructed to close the file.

IT IS SO ORDERED.

Dated: December 18, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge